FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES T. W. WEEMS,<br><br>  Defendant. | No. 2:12-CR-02065-SAB<br><br>**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)** |

    Before the Court is Defendant's Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c), ECF No. 58. The motion was heard without oral argument. Defendant is represented by Jeremy Sporn. The United States is represented by Ian Garriques.

    In 2012, Defendant plead guilty to 3 charges: (1) possession of an unregistered firearm; (2) possessing a firearm in furtherance of a drug trafficking offense; and (3) felon in possession of a firearm. Under the 11(c)(1)(C) Plea Agreement, Defendant agreed to be sentenced to 198 months imprisonment, followed by 5 years supervised release. The sentence included a mandatory 120-month consecutive term on one count, along with concurrent 78 months terms on the other two counts. According to Defendant, his projected release date is January 26, 2023.

//

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c) ~ 1**

Defendant now ask the Court, pursuant to the First Step Act, to reduce his sentence to a term of credit for time served.

## Motion Standard

Generally, a federal court may not modify a term of imprisonment once it has been imposed. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)) (quotation omitted). Congress provided an exception to this rule, sometimes known as compassionate release, that permits courts to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). Under this provision, an incarcerated persons can seek compassionate release after exhausting administrative remedies within the Bureau of Prisons and may be eligible for release if: (1) the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction, (2) they are determined not to pose a risk of danger to the community, and (3) a sentence reduction is consistent with United States Sentence Commission policy statements. 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] Section 3582(c)(1)(A), as amended by the First Step Act, currently provides:

(c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c) ~ 2

Congress did not provide a statutory definition of "extraordinary and compelling reasons." *Aruda*, 993 F.3d at 799. Rather, Congress indicated that the Sentencing Commission should describe what is considered extraordinary and compelling reasons for sentence reduction. *Id.* (citation omitted). Because the Sentencing Commission has yet to issue a policy statement that applies to § 3582(c)(1)(A) motions filed by a defendant, "the statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* at 802.

U.S.S.G. § 1B1.13[2] instructs the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release

---

of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]
18 U.S.C. § 3582(c)(1)(A) (emphases added).

[2] U.S.S.G. 1B1.13 provides:
Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)** ~ 3

and indicates the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

## Discussion

The parties agree that Defendant has exhausted his administrative remedies as required by the First Step Act.

Defendant asserts that extraordinary and compelling reasons exist to warrant his requested sentence reduction. First, he suffers from Sarcoidosis that could compromise his ability to survive if he would contract COVID-19 for a second time while in prison. He states that the BOP facilities have poor sanitary conditions, it is impossible to social distance, and proper hygiene is impossible. Whether the staff and inmates wear masks is inconsistent at best. Time outside is limited, and laundry is infrequent. Moreover, there is an inadequate ventilation system.

Defendant points out that he has served more than 90% of the time he would otherwise serve, and he is not a danger to the community. He reports that he has taken advantage of several different courses while at BOP. He acknowledges that

unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

**(1)(A)** Extraordinary and compelling reasons warrant the reduction; or

  **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

**(3)** The reduction is consistent with this policy statement.

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)** ~ 4

he has some disciplinary history while in custody but suggests that most of the infractions reflect the reality of incarceration rather than reflect any real danger that he may pose if released. Finally, Defendant indicates that his father needs his assistance, and he plans on living with him in Florida if released.

The Court finds that Defendant has not shown that extraordinary and compelling reasons warrant a sentence reduction. As the Government points out, BOP has been managing Defendant's medical conditions and at this point, BOP is not necessarily convinced that he has Sarcoidosis. Moreover, there is no indication in the record that the Sarcoidosis affects his lungs, or that this would increase his complications for COVID-19 infection.

Defendant has not convinced the Court that he would not be a danger to the community if released. Notably, Defendant was placed on pretrial release in 2007. During that time, he showed an inability to comply with the conditions of release, including home confinement. He then absconded, only to commit another serious crime. Also, Defendant has been disciplined 17 times while incarcerated. The record does not show that during the time he has been incarcerated, Defendant has developed a better ability to abide by the conditions placed on him either by this Court or by BOP. As such, the Court finds that Defendant has not met his burden under the First Step Act to show that extraordinary and compelling reasons warrant a sentence reduction.

//
//
//
//
//
//
//
//

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c) ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c), ECF No. 58, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 29th day of October 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c) ~ 6**